IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SCOTT CLARKSON,

        Plaintiff,

v.                                                    CIVIL ACTION NO.  2:22-cv-00086

JOSHUA WAYNE DOWNEY, et al.,

        Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for "total pretrial management and submission of proposed findings of fact and recommendations for disposition" pursuant to 28 U.S.C. § 636(b)(1)(B) and the Court's Standing Order (ECF No. 4). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** this civil action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**I.    BACKGROUND**

Plaintiff Scott Clarkson ("Plaintiff"), who is proceeding *pro se*, initiated this civil action on February 18, 2022. (ECF No. 1.) His sparse Complaint alleges the following:

> On this 18th day of February 2022 came Scott Clerkson, In person pro se has come to file a complaint of conspiracy and Malicious Prosecution against [Defendant] Joshua Wayne Downey . . . that Rules of Professional Conduct were violated in his representation of Case No. 16-M44M-00627. I am charging conspiracy with help, aid and assistance from [Defendant, United States Senator Joe Manchin] . . . [and] I am seeking relief of these contested

issues of law.

*Id.* The Clerk of Court issued a Summons on February 22, 2022. (ECF No. 3.) To date, however, there is no indication on the record that either of the named Defendants have been served with process.

On October 6, 2022, the undersigned entered a Notice of Failure to Make Service Within 90 Days. (ECF No. 5.) Therein, the undersigned informed Plaintiff of his obligation to effect service of process and to make proof of service to the Court within 90 days of the date the Complaint was filed. *Id.* The undersigned further ordered Plaintiff to show cause by November 7, 2022, why this action should not be dismissed. *Id.* at 2. Plaintiff was also specifically notified that his failure to comply and/or his continued failure to meet applicable deadlines "will result in a recommendation to the presiding District Judge that this matter be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* at 2-3 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). The Clerk of Court was then directed to send a copy of the Notice to Plaintiff. *Id.* at 3.

The November 7, 2022 deadline for Plaintiff to comply has expired; however, Plaintiff neither complied with the Court's directive, nor otherwise responded to the Order. To date, Plaintiff has not requested an extension of time, has not requested relief from the Court's Order, has not contacted the Court, and indeed has not made any filing on the record in this case after the date the Complaint was filed on February 18, 2022.

## II. LEGAL STANDARDS

### a. Rule 4(m)

Generally, a plaintiff must effect service within ninety (90) days of the date the complaint was filed, and "[u]nless service is waived [by a defendant], proof of service must

be made to the court." Fed. R. Civ. P. 4(l)-(m). The Federal Rules of Civil Procedure further provide that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

### b. Rule 41(b)

The Federal Rules of Civil Procedure authorize the Court to dismiss an action when the plaintiff "fails to prosecute or to comply with the[ ] rules or a court order[.]" Fed. R. Civ. P. 41(b). "[B]uild[ing] upon a federal court's well-established inherent authority, of ancient origin, to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," the dismissal authority conferred by Rule 41(b) "recognizes the foundational principle that courts must have the authority to control litigation before them." *Ramsey v. Rubenstein*, 2:14-CV-03434, 2016 WL 5109162, at *2 (S.D. W. Va. Sept. 19, 2016) (citations omitted). Although Rule 41(b) does not expressly provide for *sua sponte* dismissal, "a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order . . . whether or not a defendant makes a motion requesting that such action be taken." *Id.* at *2 (S.D. W. Va. Sept. 19, 2016) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("Unless otherwise noted in the dismissal order, a Rule 41(b) dismissal is with prejudice. Fed. R. Civ. P. 41(b). *See also Link*, 370 U.S. at 629 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.")).

The Court must look to the following four factors when considering whether to dismiss an action for failure to prosecute under Rule 41(b):

3

>   (1)   the plaintiff's degree of personal responsibility;
>   (2)   the amount of prejudice caused the defendant;
>   (3)   the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>   (4)   the effectiveness of sanctions less drastic than dismissal.

*Ramsey*, 2016 WL 5109162, at *2 (citing *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)) [hereinafter the "*Hillig* factors"]. The *Hillig* factors "are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether or not dismissal is appropriate." *Ramsey*, 2016 WL 5109162, at *2 (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1991)). Although dismissal with prejudice is "a harsh sanction which should not be invoked lightly[,]" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978), the ultimate dismissal decision is left to the discretion of the trial court. *See, e.g.*, *Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952). "Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case." *Douglas v. Heater*, No. 2:20-CV-00856, 2021 WL 784806, at *2 (S.D.W. Va. Mar. 1, 2021) (citing *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (per curiam)).

### III.   DISCUSSION

The undersigned further **FINDS** that the *Hillig* factors support dismissal pursuant to Rule 41(b) under the particular circumstances of this case. *Hillig*, 916 F.2d at 174. In consideration of the first factor, the delays in this case are attributable solely to the Plaintiff, as the named Defendants have not been required to make an appearance at this stage of the proceedings. Plaintiff has simply failed to take any action to prosecute his case. Accordingly, he is the sole cause of the delay in this action. *See Favors v. Hickey*, 1:05-0697, 2006 WL 1644180, at *2 (S.D.W. Va. June 12, 2006). The second *Hillig*

factor—the amount of prejudice caused to the defendant—is not present in this case because, as stated above, Defendants have not been required to make an appearance. Thus, this factor does not weigh in favor of dismissal. However, the third *Hillig* factor—the presence of a drawn-out history of deliberately proceeding in a dilatory fashion—does weigh in favor of dismissal. Plaintiff has neither complied with, nor responded to, the undersigned's October 6, 2022 Order directing him to show cause by November 7, 2022, why the case should not be dismissed for failure to prosecute. (ECF No. 5.)

Finally, the fourth *Hillig* factor—the effectiveness of sanctions less drastic than dismissal—also weighs in favor of dismissal pursuant to Rule 41(b). Where, as here, Plaintiff had express notice that his "failure to either pay the fees or submit the application within the 30-day deadline set forth herein shall constitute an abandonment of his claims and result in a recommendation to the presiding District Judge that the complaint be dismissed," then dismissal is appropriate. *Douglas*, 2021 WL 784806, at *2 ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."). This is particularly so when Plaintiff has not attempted to rectify this noncompliance; to date, Plaintiff has not requested an extension of time, has not requested relief from the Court's Order, has not contacted the Court, and indeed has not made any filing on the record. Indeed, after filing this civil action nearly nine months ago on February 18, 2022, Plaintiff has taken *no* steps whatsoever to advance his case.

Nor does Plaintiff's *pro se* status in this matter exempt him from his obligation to comply with the directives of the Court's October 6, 2022 Order and the resultant consequences for failure to meet that obligation. *See Short v. Colvin*, 5:10-cv-01078, 2013 WL 6388724, at *2 (S.D. W. Va. Dec. 6, 2013). Not only was Plaintiff afforded express

5

notice in the Court's Order that his failure to comply would result in the recommendation of dismissal, but the Court's operative Pro Se Handbook[1] also explains to *pro se* parties that "[i]f you decide to proceed *pro se*, you will be responsible for learning about and following all the procedures that govern the court process . . . [and] for becoming familiar with and following the Court's local rules and procedures." *Id.* at §§ 2.3, 4. The Handbook also expressly notifies *pro se* parties that "[t]he Court may penalize a party or attorney for failing to comply with a law, rule or order at any point while a lawsuit is pending . . . and pro se litigants are subject to the same sanctions as licensed attorneys." *Id.* Because "[t]here is nothing in the record as it currently stands which would lead the Court to conclude that [Plaintiff] is any more or less legally sophisticated than any other non-lawyer," he should be afforded "the appropriate deference by the Court, but not a free pass" to ignore Court orders. *Givens v. Criswell*, 5:08-cv-25, 2010 WL 10862445, at *2 (N.D. W. Va. June 24, 2010). Accordingly, the undersigned **RECOMMENDS** that this matter be **dismissed**.

## IV.   RECOMMENDATION

Accordingly, for the reasons set forth above, it is respectfully **RECOMMENDED** that the presiding District Judge **dismiss** this civil action.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days

---

[1] The Handbook is available on the Court's website, at the following address: https://www.wvsd.uscourts.gov/pdfs/Pro%20Se%20Handbook.pdf.

(service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy to counsel of record.

Enter: November 14, 2022

Dwane L. Tinsley
United States Magistrate Judge

7